NO. 06-51587

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

AVINASH RANGRA and ANNA MONCLOVA,
Plaintiff-Appellants,

VS.

FRANK BROWN and GREG ABBOTT,
Defendant-Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, PECOS DIVISION

APPELLANTS' PETITION FOR REHEARING EN BANC

DICK DeGUERIN
Texas Bar No. 05638000
DeGUERIN & DICKSON
1018 Preston Avenue, Seventh Floor
Houston, Texas 77002
Telephone: 713-223-5959
Facsimile: 713-223-9231

ARVEL RODOLPHUS PONTON III
Texas Bar No. 16115170
2301 North Highway 118
P.O. Box 9760
Alpine, Texas 79831
Telephone: 432-837-0990
Facsimile: 432-837-0971
ATTORNEYS FOR APPELLANTS
NO. 06-51587

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## AVINASH RANGRA and ANNA MONCLOVA,
### Plaintiff-Appellants,

## VS.

## FRANK BROWN and GREG ABBOTT,
### Defendant-Appellees.

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

1.    Avinash Rangra
      Plaintiff/Appellant

2.    Anna Monclova
      Plaintiff/Appellant

3.    Dick DeGuerin
      Texas Bar No. 05638000

DeGUERIN & DICKSON
1018 Preston Avenue, Seventh Floor
Houston, Texas 77002
Attorney for Plaintiff/Appellants Avinash Rangra and Anna Monclova

4.    Arvel Rodolphus Ponton III
      Texas Bar No. 16115170
      2301 North Highway 118
      P.O. Box 9760
      Alpine, Texas 79831
      Attorney for Plaintiff/Appellants Anna Monclova and Avinash Rangra

5.    Sean M. Crowley
      Texas Bar No. 24056955
      Glasheen, Valles, Inderman & DeHoyos, L.L.P.
      1302 Texas Ave.
      Lubbock, Texas 79401
      Briefing Attorney for Appellants

6.    Frank D. Brown
      District Attorney for the 83rd Texas Judicial District
      Defendant

7.    J. Steven Houston
      P.O. Box 396
      Marathon, Texas 79842
      Attorney for Defendant/Appellee Frank D. Brown

8.    Greg Abbott
      Attorney General of Texas
      Defendant

9.  Sean Jordan
    James Todd
    Jeff Rose

    Office of the Attorney General
    State of Texas
    P.O. Box 12548
    Capitol Station
    Austin, Texas 78711
    Attorneys for Defendant/Appellee Greg Abbott


                            _____
                            DICK DeGUERIN
                            Texas Bar No. 05638000
                            DeGUERIN & DICKSON
                            1018 Preston Avenue, Seventh Floor
                            Houston, Texas 77002
                            Telephone: 713-223-5959
                            Facsimile: 713-223-9231

                            ARVEL RODOLPHUS PONTON III
                            Texas Bar No. 16115170
                            2301 North Highway 118
                            P.O. Box 9760
                            Alpine, Texas 79831
                            Telephone: 432-837-0990
                            Facsimile: 432-837-0971


                            ATTORNEYS FOR PLAINTIFF /
                            APPELLANTS, AVINASH RANGRA AND
                            ANNA MONCLOVA

# **FEDERAL RULE OF APPELLATE PROCEDURE 35(b)(1)**

As required by Fed. R. App. P. 35(b)(1), Appellants submit the following statement to the Court. This proceeding involves a question of exceptional importance. Fed. R. Civ. P. 35(a)(2). The instant case involves political speech protected by the First Amendment. The panel agreed in this matter that the speech at issue is protected and subject to strict scrutiny; however, the panel failed to apply the strict scrutiny standard on the complete record before it. The statute at issue has been declared to be a content-based restriction on the free speech of elected public officials. The record is fully developed in this matter, and Appellants believe that further protracted litigation is unnecessary; therefore, the record is complete for this Court to apply the strict scrutiny standard. Further, this case involves exceptional questions as to the constitutional validity of Tex. Gov't Code Ann. 551.144, and the need for such a determination to prevent further prosecutions under the statute and to ensure that elected public officials no longer have their constitutionally protected speech abridged by this statute. For these reasons, Appellants are seeking this Court for a rehearing *en banc* to apply the correct standard in this case and declare the statute at issue as unconstitutional, as it is violative of the First Amendment.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS. ...................................................... ii

FEDERAL RULE OF APPELLATE PROCEDURE 35(b)(1). ............................. v

TABLE OF AUTHORITIES. ................................................................... vii

STATEMENT OF ISSUES PRESENTED FOR *EN BANC* CONSIDERATION... 2

STATEMENT OF COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE3

ARGUMENT AND AUTHORITIES ....................................................... 4

    I.    The panel erred in failing to apply the strict scrutiny standard to the statute at issue ..................................................................... 4

        A.    Strict Scrutiny. ............................................................ 7

        B.    Thirty-Four other states have laws more narrowly tailored than Tex. Gov't Code § 551.144 ........................................... 7

        C.    It is proper for this Court to apply the strict scrutiny test rather Than to extend the litigation process. ...................................... 10

        D.    The record in the present case is fully developed; therefore, remanding this case results in protracted litigation over the same issues. .............................................................. 12

CONCLUSION AND PRAYER FOR RELIEF. ...................................... 13

CERTIFICATE OF SERVICE. ............................................................ 15

CERTIFICATE OF COMPLIANCE ....................................................... 17

APPENDIX A ................................................................................. 18

# TABLE OF AUTHORITIES

Constitution

U.S. Const. Amend. I...............................................................*passim*

**Cases**

*Arizona Right to Life Political Action Committee v Bayless*
    320 F.3d 1002 (9th Cir. 2003). ..................................................... 11

*Ashcroft v. ACLU*
    542 U.S. 656 (2004). ................................................................. 12

*Buckley v. Valeo*
    424 U.S. 1 (1976). ..................................................................... 7

*Center of Individual Freedom v. Carmouche*
    449 F.3d 655 (5th Cir. 2006). ..................................................... 11

*Coral Springs Street Systems, Inc. v City of Sunrise*
    371 F.3d 1320 (11th Cir. 2004). ................................................. 11

*Day v Holahan*
    34 F.3d 1356 (8th Cir. 1994). ..................................................... 10

*Federal Election Comm'n v. Wis. Right to Life, Inc.*
    127 S.Ct. 2652 (2007).... .......................................... 2, 7, 11, 12, 14

*First Nat'l Bank of Boston v. Bellotti*
    435 U.S. 765 (1978). .............................................................. 7, 11

*Iowa Right to Life Committee, Inc. v. Williams*
    187 F. 3d 963 (8th Cir. 1999). ................................................... 10

*McConnell v. Federal Election Comm'n*
    540 U.S. 93 (2003). ............................................................... 7, 11

*Perry v Bartlett*
     231 F.3d 155 (4th Cir. 2000). ......................................................... 11

*Phelan v Laramie County Community College Board of Trustees*
     235 F.3d 1243 (11th Cir. 2000). .................................................... 11

*Rangra v. Brown*
     No. P-05-CV-075, 2006 WL 3327634 (W.D. Tex. Nov. 7, 2006). ............... 3

*Rangra v. Brown*
     __F.3d__, No. 06-51587 (5th Cir. Apr. 24, 2009) ..................................... 4, 5

*Republican Party of Minnesota v White*
     536 U.S. 765 (2002). ..................................................................... 10

*Rossignol v Voorhaa*
     316 F.3d 516 (4th Cir. 2003). ........................................................ 10

*Time, Inc. v. Firestone*
     424 U.S. 448 (1976). ..................................................................... 12

*Wiggins v Lowndes County*
     363 F.3d 387 (5th Cir. 2004). ........................................................ 11

## **Statutes**

### **Federal**

Fed. R. App. P. 35 ...................................................................................... v

### **State**

Alaska Stat. §§ 44.62.310 – 44.62.312. ............................................... 8

Ariz. Rev. Stat. Ann § 38-431. ..................................................... 8

Ark. Code Ann §§ 54950 - 54960.5 ....................................................... 8

Cal. Gov't Code §§ 54950 – 54950.5. ................................................................. 8, 9

Colo. Rev. Stat. Ann. § 24-72-201 .................................................................... 8

Conn. Gen. Stat. Ann § 1-206 ............................................................................ 8

Fla. St. Const. Art. I, § 24(b). ............................................................................ 8

Ga. Code Ann. § 50-14-6. ................................................................................. 8

Idaho Code Ann. §§ 67-2341 - 67-2347. ........................................................... 8

Ind. Code Ann. §§ 5-14-1.5-1 – 5-14-1.5-8 ........................................................ 8

Ky. Rev. Stat Ann. §§ 61.810 - 61.850 ............................................................... 8

Me. Rev. Stat. Ann. Tit. 1, § 1005. .................................................................... 8

Md. Code Ann., State Gov't §§ 10-501 – 10-502 ................................................ 8

Mass. Gen. Laws Ann. Ch. 30A, §§ 11A – 11A½ ................................................ 8

Minn. Stat. Ann. §§ 13D.01 – 13D.07. ............................................................... 8

Miss. Code Ann. §§ 25-41-1 – 25-41-17. ........................................................... 8

Mo. Ann. Stat. §§ 610.010 – 610.200. ............................................................... 8

Neb. Rev. Stat. §§ 610.010 – 610.200. ............................................................... 8

Nev. Rev. Stat. §§ 241.010 – 241.040. ........................................................... 8, 9

N.Y. Pub. Off. Law §§ 100 – 111. ...................................................................... 8

N.D. Cent. Code §§ 44-04-01 – 44-04-23. ......................................................... 8

Ohio Rev. Code Ann. § 121.22. .......................................................................... 8

Okla. Stat. Ann. tit. 25, § 314. ...................................................................... 8, 9

Or. Rev. Stat. §§ 192.610 – 192.695.................................................................. 8

Pa. Cons. Stat. Ann. §§ 701-716....................................................................... 8

R.I. Gen. Laws § 42-46-1................................................................................... 8

S.C. Code Ann. §§ 30-04-60 – 30-4-110........................................................... 8

S.D. Codified Laws § 1-25-1............................................................................. 8

Tex. Gov't Code § 551.144............................................................................*passim*

Utah Code Ann. § 52-4-1.................................................................................. 8

Vt. Stat. Ann. tit. 1, § 310................................................................................. 8

Wash. Rev. Code Ann. § 42.30.......................................................................... 8

W. Va. Code Ann. 6-9-A1................................................................................. 8

Wis. Stat. Ann. § 19.81..................................................................................... 8

Wyo. Stat. Ann. §§ 16-4-401 – 16-4-408.......................................................... 8

NO. 06-51587

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

AVINASH RANGRA and ANNA MONCLOVA,
Plaintiffs-Appellants,

VS.

FRANK BROWN and GREG ABBOTT,
Defendants-Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, PECOS DIVISION

**APPELLANTS'S PETITION FOR REHEARING EN BANC**

**TO THE HONORABLE COURT OF APPEALS FOR THE FIFTH CIRCUIT:**

Come now, Appellants in the above-titled and numbered appeal, and files this, their Petition for Rehearing *En Banc* with this Honorable Court, and in support of such petition would show as follows:

This case is about political speech protected by the First Amendment. The First Amendment states, "Congress shall make no law . . . abridging the freedom of speech." U.S. CONST. AMEND. I. "[L]aws targeting political speech are the principal object of the First Amendment." *Federal Election Comm'n v. Wis. Right to Life, Inc.*, 127 S.Ct. 2652, 2681 (2007) (Scalia, J., concurring in part and concurring in judgment). The law at issue in this case directly chills the speech of elected in public officials by criminalizing their constitutionally protected political speech, and it is unable to withstand both the facial and as-applied challenges asserted by the Appellants. While this Court has decided that the statute at issue is a content-based restriction on the free speech of public officials, and therefore subject to strict scrutiny, it failed to take the next step to apply the strict scrutiny test and ultimately declare Tex. Gov't Code Ann. 551.144 unconstitutional.[1]

---

[1] TEX. GOV'T CODE § 551.144 is part of the Texas Open Meetings Act, and will be referred throughout this brief as ("TOMA").

### Statement of Issues Presented for *En Banc* Consideration

This petition involves a question of exceptional importance which requires *En Banc* determination. The panel ruled that TEX. GOV'T CODE ANN. 551.144 infringes political speech as a content based statute, and requires the application of strict scrutiny to determine its constitutional validity. The issue presented in this matter is whether the panel erred in failing to apply the strict scrutiny standard to TEX. GOV'T CODE ANN. § 551.144. The case has been fully litigated, a full trial record was developed below, and protracted litigation will lead to more years of uncertainty by public and legislative bodies across Texas, as well as more improper prosecutions under this strict liability statute.

The law, as the panel correctly decided, is a content-based restriction on the speech of elected public officials, and is therefore subject to strict scrutiny review. To remand the case to the District Court for further examination under a strict scrutiny review would be a waste of judicial resources, result in more years of litigation, and, most importantly, it would result in the further chilling of constitutionally protected speech by elected public officials. Further, this is an overbroad and unconstitutionally vague statute which requires no scienter to violate it. There remains a great question as to the meaning and interpretation of this statute, and justice demands that this statute be declared unconstitutional. It is imperative that this Court speak to the constitutionality of TEX. GOV'T CODE ANN.

3

§ 551.144 by applying the strict scrutiny standard and declaring that this statute does not pass constitutional muster, as a matter of law.

### STATEMENT OF COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE

This instant suit was filed in the United States District Court for the Western District of Texas on September 26, 2005. After much litigation, defendant's Motions to Dismiss were denied, and the case was tried before the Honorable Robert A. Junell on July 26, 2006. After trial, the Court issued its findings of fact and conclusions of law on November 7, 2006. *See Rangra v. Brown*, No. P-05-CV-075, 2006 WL 3327634 (W.D. Tex. Nov. 7, 2006). The District Court ruled in favor of the Defendant/Appellee denying all relief requested by the Plaintiff/Appellant. [2]

Upon this unfavorable finding by the District Court, Appellants commenced an appeal to this Court on November 30, 2006. After extensive briefing, oral argument in this suit occurred before the appointed panel on January 29, 2008. The panel issued its opinion and judgment on April 24, 2009, with a revision on April 27, 2009. *See Rangra v. Brown*, __F.3d__, No. 06-51587, (5th Cir. Apr. 24, 2009). The opinion agreed with Appellant that TEX. GOV'T CODE ANN. 551.144 is a content-based restriction on constitutionally protected speech, and therefore subject

---

[2] The District Court found the speech uttered by Appellants in their official capacity as a member of a decision-making body, and as part of their official duties, is not protected by the First Amendment. The Court found further that the statute at issue was not overbroad or vague.

to the test of strict scrutiny. *Id.* The judgment reversed and vacated the District Court's judgment and remanded with instructions for the District Court to apply the strict scrutiny test. *Id.*

**ARGUMENT AND AUTHORITIES**

I.    **The panel erred in failing to apply the strict scrutiny standard to the statute at issue.**

In the present case, Appellants have asserted both a facial challenge and an as-applied challenge to the strict liability provision of TEX. GOV'T CODE ANN. § 551.144. Because this Court should have ruled that upon the facial challenge, as matter of law, that TOMA violates the First Amendment, Appellant is still aggrieved and has the right to seek rehearing en banc.

In the panel's opinion, the Court correctly stated that the criminal provisions of the Texas Open Meetings Act are content-based regulations of speech which require the statute to pass the strict scrutiny test in order to be found constitutional. *See Rangra v. Brown,* __F.3d__, 2009 WL 1100611 at *3 (5th Cir. Apr. 24, 2009). However, the panel erred when it failed to take the next step and apply the strict scrutiny test in the present case; rather, the panel reversed and vacated the judgment of the district court, and remanded the case with instructions for the District Court to apply the strict scrutiny test. *Id.* at *1, 3.

This case presents an exceptionally important First Amendment issue. The panel decision, for the first time in this circuit, expressly declared that elected

5

public officials in Texas are afforded the same First Amendment rights as the general public, that public employee cases no longer apply to determining the free speech rights of public officials, and that political speech—core First Amendment speech, is to be afforded the highest protection under the First Amendment. The panel stopped short of applying the strict scrutiny test, and upon consideration of this Court *En Banc*, this Court should take the necessary next step and declare TEX. GOV'T CODE ANN. § 551.144.

The speech communicated by an elected official is political speech. TOMA abridges the Appellants core protected political speech. The panel decision determined that such content-based regulation requires that the statute survive the rigors of strict scrutiny. TOMA's laudable goal is the prevention of corruption or the appearance of corruption. Courts have long recognized this goal as compelling, and Appellants do not challenge this compelling interest. However, Section 551.144, as defined through various Texas Attorney General Opinions and case law, is not narrowly tailored to achieve TOMA's goal. TOMA bans protected political speech as a means to ban unprotected speech. This act is expressly prohibited through earlier cases of both this Court and the Supreme Court.

For the purposes of the First Amendment, the panel decision determined that elected officials are not public employees. The elected official is an advocate for those who elect him or her. The official's position is to act in the best interests of

6

those who placed the official in office. As an advocate, the official's speech is political, and therefore protected by the First Amendment.

Unanswered by the panel decision is the fact that TOMA, which restricts First Amendment rights of public officials, should have been determined as a matter of law to be facially overbroad, restrictive of protected First Amendment speech, and not remanded to the Court below.


A.   STRICT SCRUTINY

The speech at issue in this case is political speech. As such, it is subject to strict scrutiny. The panel decision below confirmed this standard of review. *See Buckley v. Valeo*, 424 U.S. 1, 44-45 (1976); *see also McConnell v. Federal Election Comm'n*, 540 U.S. 93, 205 (2003). Strict scrutiny requires "the *Government* must prove [the challenged statute] furthers a compelling interest and is narrowly tailored to achieve that interest." *Wis. Right to Life, Inc.*, 127 S.Ct. at 2664 (citing *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 786 (1978)). It is undisputed that the Texas Open Meetings Act (TOMA), specifically TEX. GOV'T CODE § 551.144 (Vernon 2006), serves the legitimate governmental interest of "preventing corruption, or the appearance of corruption." *See Wis. Right to Life*, 127 S.Ct. at 2672; *see also Buckley* 424 U.S. at 14. The issue before this Court *En*

*Banc* is whether TOMA is the most narrowly tailored statute possible to achieve that compelling interest.

### B.     THIRTY-FOUR OTHER STATES HAVE LAWS MORE NARROWLY TAILORED THAN TEX. GOV'T CODE § 551.144.

Thirty-four other states have open meetings laws. However, they all differ markedly from the Texas Open Meetings Act. Twenty-one of the thirty-four states remedy violations of the act without a criminal sanction, opting instead for injunctions or civil penalties directed either at the governmental body or its individual members.

> *See* Alaska Stat. §§ 44.62.310 – 44.62.312; Ariz. Rev. Stat. Ann § 38-431; Ark. Code Ann §§ 54950 - 54960.5; Conn. Gen. Stat. Ann § 1-206; Fla. St. Const. Art. I, § 24(b); Idaho Code Ann. §§ 67-2341 - 67-2347; Ind. Code Ann. §§ 5-14-1.5-1 – 5-14-1.5-8; Ky. Rev. Stat Ann. §§ 61.810 - 61.850; Me. Rev. Stat. Ann. Tit. 1, § 1005; Md. Code Ann., State Gov't §§ 10-501 – 10-502; Mass. Gen. Laws Ann. Ch. 30A, §§ 11A – 11A½; Minn. Stat. Ann. §§ 13D.01 – 13D.07; Miss. Code Ann. §§ 25-41-1 – 25-41-17; Mo. Ann. Stat. §§ 610.010 – 610.200; N.Y. Pub. Off. Law §§ 100 – 111; Ohio Rev. Code Ann. § 121.22; Or. Rev. Stat. §§ 192.610 – 192.695; R.I. Gen. Laws § 42-46-1; Utah Code Ann. § 52-4-1; Wash. Rev. Code Ann. § 42.30; Wis. Stat. Ann. § 19.81.

Thirteen states have available criminal sanctions, but in five of the states with criminal sanctions, the sanction is only a fine.

> *See* Ga. Code Ann. § 50-14-6; 65 Pa. Cons. Stat. Ann. §§ 701-716; Vt. Stat. Ann. tit. 1, § 310; W. Va. Code Ann. 6-9-A1; Wyo. Stat. Ann. §§ 16-4-401 – 16-4-408.

Seven of the eight with a potential sanction of imprisonment have much shorter sentences.

> *See* Cal. Gov't Code §§ 54950 – 54950.5, Colo. Rev. Stat. Ann. § 24-72-201, Neb. Rev. Stat. §§ 610.010 – 610.200, Nev. Rev. Stat. §§ 241.010 – 241.040, N.D. Cent. Code §§ 44-04-01 – 44-04-23, S.C. Code Ann. §§ 30-04-60 – 30-4-110, S.D. Codified Laws § 1-25-1.

The only state with a potential imprisonment that matches or exceeds that in TOMA is Oklahoma, with a one-year jail term. *See* Okla. Stat. Ann. tit. 25, § 314.

Even though the Oklahoma statute provides for a more severe sanction, the statute mitigates that severity by having a significantly more closely-drawn statute to avoid infringing First Amendment rights. Under the Oklahoma open meetings act, a meeting is defined as the "conducting of business of a public body by a majority of its members being personally together." Okla. Stat. Ann. tit. 25 § 304. In short, the Oklahoma Open Meeting Act has a tougher jail term than TOMA, but it is drafted much more narrowly and avoids issues of overbreadth and vagueness.

Most states other than Oklahoma, even with less stringent penalties, have been careful to avoid the myriad flaws in TOMA. For example, to violate California's Open Meetings Act (Brown Act), there must be a collective decision, commitment or promise, or actual vote taken at a closed meeting. Cal. Gov't. Code § 54952.6. Nevada's law only applies if there has been an action taken, meaning a decision, commitment or promise, or affirmative vote. Nev. Rev. Stat. 241.015(1)(a)-(d).

Not one of the thirty-four other states with open meetings laws defines meeting as expansively as Texas, nor does any other state punish the mere receiving or giving of information or the asking or receiving of questions from a third person. This proves that TOMA is not the "least restrictive means" to achieve the stated government goal, of restricting corruption, or the appearance of corruption, since Texas has the most onerous open meetings law in the country.

The trial record below is full and complete, and reflects that TOMA's criminal provisions leave unfettered discretion to the prosecutor, sweeps protected speech into the prosecution, as well as unprotected speech, and is overbroad. The record is ample, and needs not be revisited in another trial for this Court to rule, as a matter of law, that TOMA does not pass strict scrutiny, and must fall.

### C.    IT IS PROPER FOR THIS COURT TO APPLY THE STRICT SCRUTINY TEST RATHER THAN TO EXTEND THE LITIGATION PROCESS.

The core political speech protected by the First Amendment had long been recognized as a fundamental foundation of our democracy. This freedom is essential to our very democracy and self governance, and self defining to our very nature as a free people. That is why such core political speech is meant to enjoy the maximum possible protection under our constitution. *Republican Party of Minnesota v White,* 536 U.S. 765 (2002)(Debate on the qualifications of candidates is at the core of the electoral process and of the First Amendment freedoms); *Rossignol v Voorhaar,* 316 F.3d 516 (4th Cir. 2003)(First Amendment affords the

broadest free speech protection to political expression in order to assure the unfettered exchange of ideas, since in a republic where the people are sovereign, the ability of the citizenry to make informed choices among candidates for office is essential); *Day v Holahan,* 34 F.3d 1356 (8th Cir. 1994), (Discussion of public issues and debate on the qualifications of political candidates is integral to the operation of our democratic system of government; the First Amendment affords the broadest protection to such political expression); *Iowa Right to Life Committee, Inc. v. Williams,* 187 F. 3d 963 (8th Cir. 1999)(Discussion of public issues and debate on the qualifications of political Candidates is integral to the Federal Constitution and the First Amendment affords the broadest protection to such political expressions in order to assure the unfettered interchange of ideas); *Arizona Right to Life Political Action Committee v Bayless* 320 F.3d 1002 (9th Circ. 2003)(The First Amendment reflects a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide open); *Perry v Bartlett,* 231 F.3d 155 (4th Cir.2000) (First Amendment affords the broadest protection to political expression to assure unfettered interchange of ideas to bring about political and social changes desired by the people); *Wiggins v Lowndes County,* 363 F.3d 387 (5th Cir. 2004)(Political speech regarding a public election lies at the core of matters of public concern protected by the First Amendment); *Coral Springs Street Systems, Inc. v City of Sunrise,* 371 F.3d 1320

11

(11th Cir. 2004)(Political speech enjoys the highest level of First Amendment protection); *Phelan v Laramie County Community College Board of Trustees,* 235 F.3d 1243 (11th Cir. 2000)(Core political speech is entitled to the broadest protection).

The issue of political speech most often appears in campaign finance and election cases. However, the one constant in all cases concerning political speech is the notion that the speech is advocacy for something, be it a candidate, an issue, or policy. *See Wis. Right to Life,* ~~__ U.S. __, 75 USLW 4503,~~, 2007 WL 1804336 (2007); *Bellotti,* 435 U.S. 765 (1978); *McConnell,* 540 U.S. 93 (2003); *Center of Individual Freedom v. Carmouche,* 449 F.3d 655 (5th Cir. 2006). Justice Brennan recognized that the First Amendment covers all speech "concerned with governmental behavior, policy or personnel, whether the governmental unit involved is executive, legislative, judicial or administrative." *Time, Inc. v. Firestone,* 424 U.S. 448, 478 (1976) (Brennan, J., dissenting) (internal quotations omitted).

As the cases cited throughout the panel's opinion show, it is proper for this Court to decide whether the statute survives the strict scrutiny test, which it stated was applicable in this case. The panel relied heavily upon the *Wisconsin Right to Life* case, in which the Supreme Court did not hesitate to apply the correct standard. *Wisc. Right to Life,* 127 S.Ct. at 2664-74. No new laws have been passed

in Texas which would result in a changed legal landscape for the determination of this case. *See Ashcroft v. ACLU*, 542 U.S. 656, 669-72 (2004).

**D.  THE RECORD IN THE PRESENT CASE IS FULLY DEVELOPED; THEREFORE, REMANDING THIS CASE RESULTS IN PROTRACTED LITIGATION OVER THE SAME ISSUES.**

The law in this case has been developed, the trial afforded both sides ample opportunity to present their cases,  no facts can change what TOMA is, and no new trial is necessary for this Court, En Banc, to rule that TOMA, as a matter of law, fails to pass the strict scrutiny test. The law as it stands in Texas has not changed; the statute still stands as it was at the beginning of this case. A remand with an instruction to apply the strict scrutiny standard unnecessarily prolongs the case as the record can no longer be developed, and is in a state now where this Court can decide, as a matter of law, that the statute does not survive strict scrutiny. The trial was conducted with testimony from the Plaintiffs/Appellants, the Defendant, and several witnesses who spoke to the application and construction of the statue. There is no more development necessary, because Appellants cannot see how the record could be any more complete.

The case brought by Appellants was not a case which is seeking damages in the traditional sense; rather, the case is seeking declaratory and injunctive relief, which this Court can render without more prolonged litigation over issues which have been developed and presented to the Court.

13

## CONCLUSION AND PRAYER FOR RELIEF

It is undisputed that open government demands that decisions be made in the open, and that the public has full opportunity to know what is decided, and the reasons behind it. Citizens elect persons to speak for them, in a republican form of government. In Texas, at the moment that official is sworn in, TOMA renders her or him mute, and he or she is unable to speak to anyone about public matters, except at a meeting. This violates the First Amendment rights of all the elected officials. Due to its overbreadth and vagueness, TOMA, through the various interpretations by the Texas Attorney General and the discretion of the various District attorneys, muddies the water as to what speech qualifies as a criminal act, and what does not. Chief Justice Roberts put it very eloquently that the benefit of doubt must go to speech, and not the speaker, for, as he stated in *Wisconsin Right to Life*, "[t]he First Amendment's command that 'Congress shall make no laws . . . abridging the freedom of speech' demands at least that." *Wisc. Right to Life*, 127 S.Ct. at 2674.

TOMA, as it stands today, is an impermissible content-based regulation of protected free speech. The law is overbroad and unconstitutionally vague. These issues have been fully litigated in this matter and the time is now to issue a declaration that TEX. GOV'T CODE § 551.144 is unconstitutional for abridging the political speech of advocacy of elected public officials.

14

In Texas, TOMA must be declared unconstitutional, because the First Amendment's command, that "congress shall make no laws… abridging the freedom of speech", demands at least that. Therefore, Appellants respectfully pray this Court grant *En Banc* review, reverse the trial court's judgment, and render declaratory judgment and injunctive relief for Appellants by declaring Tex. GOV'T CODE § 551.144 unconstitutional.

Respectfully submitted,

_____
DICK DeGUERIN
Texas Bar No. 05638000
DeGUERIN & DICKSON
1018 Preston Avenue, Seventh Floor
Houston, Texas 77002
Telephone: 713-223-5959
Facsimile: 713-223-9231

ARVEL RODOLPHUS PONTON III
Texas Bar No. 16115170
2301 North Highway 118

15

P.O. Box 9760
Alpine, Texas 79831
Telephone: 432-837-0990
Facsimile: 432-837-0971
ATTORNEYS FOR PLAINTIFFS/
APPELLANTS, AVINASH RANGRA
AND ANNA MONCLOVA

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2009, via United States first

class mail, the original and nineteen true copies of the foregoing Appellants'

Petition for rehearing En banc and an electronic disk containing the Petition have

been filed with the Clerk for the United States Court of Appeals for the Fifth

Circuit.

Charles R. Fulbruge III
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 Camp Street
New Orleans, Louisiana 70130

I hereby certify that on the 8th day of May, 2009, via United States first class

mail, postage prepaid, two true and correct copies of the Appellants' Petition for

Rehearing En banc and an electronic disk containing the Petition have been served

on the following counsel:

16

J. Steven Houston
P.O. Box 396
Marathon, Texas 79842

Sean Jordan
James Todd
Jeff Rose
Office of the Attorney General
State of Texas
P.O. Box 12548
Capitol Station
Austin, Texas 78711

_____
DICK DeGUERIN

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the limitation of Fed. R. App. P. 35 and 40 because

this brief contains ⸻15 pages or less, excluding the parts of the brief

excepted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this

brief has been prepared in a proportionally spaced typeface using Microsoft Word,

Times New Roman, font size 14, and size 12 for footnotes.


_____              _____
Date                                                  DICK DeGUERIN
                                                      Texas Bar No. 05638000

**APPENDIX A:**

***Rangra v. Brown***
**No. 06-51587**
**5th Cir. April 24, 2009**