No. 06-51587

# In the United States Court of Appeals for the Fifth Circuit

AVINASH RANGRA AND ANNA MONCLOVA,
*Plaintiff-Appellants*,

v.

FRANK BROWN AND GREG ABBOTT,
*Defendant-Appellees*.

On Appeal from the United States District Court
Western District of Texas, Pecos Division

## RESPONSE TO APPELLANTS' PETITION FOR REHEARING EN BANC

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for
Civil Litigation

JAMES C. HO
Solicitor General
State Bar No. 24052766

SEAN D. JORDAN
Deputy Solicitor General
State Bar No. 00790988

JAMES TODD
Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
[Tel.] (512) 936-1823
[Fax] (512) 474-2697

COUNSEL FOR APPELLEE GREG ABBOTT

**Additional Counsel Listed on Inside Cover**

J. Steven Houston
P.O. Box 388
Marathon, Texas 79842
State Bar No. 10054300
[Tel.] (432) 386-6054
[Fax] (432) 386-4203

COUNSEL FOR APPELLEE FRANK BROWN

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

**Cases**

*Cole v. State*,
 673 P.2d 345 (Colo. 1983) (per curiam) .............................. 2

*People ex rel. DiFanis v. Barr*,
 414 N.E.2d 731 (Ill. 1980) .............................. 2, 3

*St. Cloud Newspapers, Inc. v. Dist. 742 Cmty. Schs.*,
 332 N.W.2d 1 (Minn. 1983) .............................. 2

*State ex rel. Murray v. Palmgren*,
 646 P.2d 1091 (Kan. 1982) .............................. 2


**Constitutional Provisions, Statutes, and Rules**

FED. R. APP. P. 35(b)(1) .............................. 2

TEX. GOV'T CODE § 551.144 .............................. 3


**Other Authorities**

5TH CIR. I.O.P. FOR PETITION FOR REHEARING EN BANC .............................. 2

No. 06-51587

# In the United States Court of Appeals for the Fifth Circuit

---

AVINASH RANGRA AND ANNA MONCLOVA,
*Plaintiff-Appellants,*

v.

FRANK BROWN AND GREG ABBOTT,
*Defendant-Appellees.*

---

On Appeal from the United States District Court
Western District of Texas, Pecos Division

---

## RESPONSE TO APPELLANTS' PETITION FOR REHEARING EN BANC

---

All parties agree that the Court should grant rehearing en banc in this matter. The parties disagree only with respect to the particular rationale that best justifies en banc rehearing. The ultimate relief requested in both rehearing petitions is precisely the same—en banc review.

Under the Federal Rules of Appellate Procedure and the en banc procedures of this Court, a party should file a petition for rehearing en banc only when the panel decision either (1) conflicts with U.S. Supreme Court precedent or the precedent of this Court, or (2) involves a question of exceptional importance, such as a conflict

between the panel's decision and state law precedent or the decisions of other United States Courts of Appeals. *See* FED. R. APP. P. 35(b)(1); 5TH CIR. I.O.P. FOR PETITION FOR REHEARING EN BANC.

The Court should grant rehearing en banc because Appellees' Petition satisfies the relevant standards. And by granting Appellees' Petition, the Court will have also given Appellants the very same relief that their Petition seeks.

The panel opinion is the first in the nation to subject an open meetings law to strict scrutiny. As Appellees' Petition details, it conflicts with the precedents of both the U.S. Supreme Court and other courts. *See, e.g.*, Appellees' Pet. at 10-13 (citing *Cole v. State*, 673 P.2d 345 (Colo. 1983) (per curiam); *People ex rel. DiFanis v. Barr*, 414 N.E.2d 731 (Ill. 1980); *State ex rel. Murray v. Palmgren*, 646 P.2d 1091 (Kan. 1982); *St. Cloud Newspapers, Inc. v. Dist. 742 Cmty. Schs.*, 332 N.W.2d 1 (Minn. 1983)). Moreover, the exceptional importance of the issues presented in the Petition has since been reinforced by various amicus briefs—including an amicus brief filed by 18 other States in support of en banc review.[1]

---

1. *See* Brief for the States of Louisiana, Alabama, Arizona, Colorado, Florida, Idaho, Illinois, Indiana, Michigan, Mississippi, Montana, Nebraska, Nevada, New Mexico, Ohio, South Dakota, and Virginia as *Amici Curiae* in Support of Petition for Rehearing En Banc. The brief was subsequently joined by North Dakota.

In addition, both the Reporters Committee for Freedom of the Press and the Freedom of Information Foundation of Texas, Inc., have filed amicus briefs in support of rehearing en banc.

This widespread concern about the panel decision is understandable: All 50 States, as well as the Federal government and the District of Columbia, have enacted open government laws containing provisions similar to the Texas law at issue in this case. But if the panel decision is correct, then all of these laws are now subject to strict scrutiny. *Id.* at 13-14.[2]

\* \* \*

Open government is a founding principle of our nation. It is profoundly American—not presumptively unconstitutional. The Texas Open Meetings Act does not restrict disfavored speech. It simply requires that certain public officials wishing to discuss official matters with a quorum of their colleagues must do so in public and with advance notice to the people they represent. TEX. GOV'T CODE § 551.144. *See generally* Appellees' Pet. at 5-8. As such, the Act is a content-neutral time, place, and manner regulation, and should be upheld regardless of the standard of review. It should be vigorously enforced—not tainted with a badge of presumptive invalidity.

---

2. Appellants are incorrect when they state in their Petition that 34 States have adopted open meeting laws, Appellants' Pet. at 7-8, as Appendix B to Appellees' Petition demonstrates. Appellants likewise err when they attempt to target for special condemnation States that have enacted criminal as well as civil penalties for open meeting violations—after all, for example, the Illinois Supreme Court has upheld that State's open meeting law, which contains criminal penalties, including imprisonment. *Barr*, 414 N.E.2d at 739; *see also* Appendix B to Appellees' Petition.

## CONCLUSION

For the reasons stated both herein and in Appellees' Petition for Rehearing En Banc, the Court should grant rehearing en banc.

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        C. ANDREW WEBER
        First Assistant Attorney General

        DAVID S. MORALES
        Deputy Attorney General for Civil Litigation

        */s/ James C. Ho*

        JAMES C. HO
        Solicitor General
        State Bar No. 24052766

        SEAN D. JORDAN
        Deputy Solicitor General
        State Bar No. 00790988

        JAMES TODD
        Assistant Attorney General

        OFFICE OF THE ATTORNEY GENERAL
        P. O. Box 12548 (MC 059)
        Austin, Texas 78711
        [Tel.] (512) 936-1823
        [Fax] (512) 474-2697

        COUNSEL FOR APPELLEE GREG ABBOTT

_J. Steven Houston_ by permission

J. STEVEN HOUSTON
P.O. Box 388
Marathon, Texas 79842
State Bar No. 10054300
[Tel.] (432) 386-6054
[Fax] (432) 386-4203

COUNSEL FOR APPELLEE FRANK D. BROWN

## CERTIFICATE OF SERVICE

I certify that two true and correct copies of the above and foregoing Response to Appellants' Petition for Rehearing En Banc, along with a computer disk copy of the brief in Adobe Portable Document Format, were served by Federal Express Next Day Air Delivery and U.S. Certified Mail, Return Receipt Requested, on May 19, 2009 to:

Dick DeGuerin
DEGUERIN, DICKSON & HENNESSEY
1018 Preston Ave., 7th Floor
Houston, Texas 77002

Arvel Rodolphus Ponton, III
2301 N. Highway 118
P.O. Box 9760
Alpine, Texas 79831

COUNSEL FOR PLAINTIFF-APPELLANTS

J. Steven Houston
P.O. Box 388
Marathon, Texas 79842

COUNSEL FOR APPELLEE FRANK BROWN

Counsel also certifies that on May 19, 2009, twenty-one paper copies of the Response to Appellants' Petition for Rehearing En Banc, along with a computer disk copy of the brief in Adobe Portable Format, were dispatched to the clerk, as addressed below, via Federal Express Next Day Air Delivery:

Charles R. Fulbruge, III, Clerk
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

_____
Sean D. Jordan