NO. 06-51587

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

AVINASH RANGRA and ANNA MONCLOVA,
Plaintiff-Appellants,

VS.

FRANK BROWN and GREG ABBOTT,
Defendant-Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, PECOS DIVISION

---

APPELLANTS' RESPONSE TO
APPELLEES' PETITION FOR REHEARING EN BANC

---

DICK DeGUERIN
Texas Bar No. 05638000
DeGUERIN & DICKSON
1018 Preston Avenue, Seventh Floor
Houston, Texas 77002
Telephone: 713-223-5959
Facsimile: 713-223-9231

ARVEL RODOLPHUS PONTON III
Texas Bar No. 16115170
2301 North Highway 118
P.O. Box 9760
Alpine, Texas 79831
Telephone: 432-837-0990
Facsimile: 432-837-0971
ATTORNEYS FOR APPELLANTS

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................... iii

TABLE OF AUTHORITIES................................................................ v

STATEMENT OF ISSUES PRESENTED TO DENY *EN BANC* CONSIDERATION TO APPELLEES ................................................... 1

ARGUMENT AND AUTHORITIES

    I.    THE PANEL CORRECTLY DECIDED THAT ELECTED PUBLIC OFFICIALS ENJOY THE SAME FREE SPEECH RIGHTS AS THOSE AFFORDED TO CITIZENS.     3

    II.    TEX. GOV'T CODE ANN. § 551.144 IS A CONTENT-BASED RESTRICTION ON THE POLITICAL SPEECH OF ELECTED OFFICIALS.     4

    III.    THE DECISIONS OF OTHER STATE'S SUPREME COURTS ARE INAPPLICABLE TO THE CURRENT CASE.     9

    IV.    APPELLEES' FEAR OF THE NATIONWIDE FAILURE OF OPEN MEETINGS LAW IS MISPLACED.     10

CONCLUSION AND PRAYER FOR RELIEF ...................................... 11

CERTIFICATE OF SERVICE............................................................ 15

CERTIFICATE OF COMPLIANCE ................................................... 16

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

1. Avinash Rangra
   Plaintiff/Appellant

2. Anna Monclova
   Plaintiff/Appellant

3. Dick DeGuerin
   Texas Bar No. 05638000
   DeGUERIN & DICKSON
   1018 Preston Avenue, Seventh Floor
   Houston, Texas 77002
   Attorney for Plaintiff/Appellants Avinash Rangra and Anna Monclova

4. Arvel Rodolphus Ponton III
   Texas Bar No. 16115170
   2301 North Highway 118
   P.O. Box 9760
   Alpine, Texas 79831
   Attorney for Plaintiff/Appellants Anna Monclova and Avinash Rangra

5. Sean Crowley
   Attorney, Lubbock, Texas
   Briefing Attorney for Messrs. DeGuerin and Ponton

6. Frank D. Brown
   Former District Attorney for the 83d Texas Judicial District
   Defendant

7.    Greg Abbott
      Attorney General of Texas
      Defendant

8.    J. Steven Houston
      P.O. Box 396
      Marathon, Texas 79842
      Attorney for Defendant/Appellee Frank D. Brown

9.    Sean Jordan
         James Todd
         Jeff Rose
         James Ho
      Office of the Attorney General
      State of Texas
      P.O. Box 12548
      Capitol Station
      Austin, Texas 78711
      Attorneys for Defendant/Appellee Greg Abbott

                    DICK DeGUERIN
                    Texas Bar No. 05638000
                    DeGUERIN & DICKSON
                    1018 Preston Avenue, Seventh Floor
                    Houston, Texas 77002
                    Telephone: 713-223-5959
                    Facsimile: 713-223-9231

                    ARVEL RODOLPHUS PONTON III
                    Texas Bar No. 16115170
                    2301 North Highway 118
                    P.O. Box 9760
                    Alpine, Texas 79831
                    Telephone: 432-837-0990
                    Facsimile: 432-837-0971
                    ATTORNEYS FOR PLAINTIFF /
                    APPELLANTS, AVINASH RANGRA AND
                    ANNA MONCLOVA

# TABLE OF AUTHORITIES

## Constitution

U.S. Const. Amend. I ................................................................*passim*

## Cases

*Burson v Freeman*, 504 U.S. 191 (1991) ............................................. 6,7

*Bond v Floyd, 385 U.S. 116 (1966)* ...................................................... 5

*Citizens United v F.E.C.*, No. 08-205, ___U.S.___(2009)(pending opinion) .......12

*Federal Election Comm'n v. Wis. Right to Life, Inc.*
    127 S.Ct. 2652 (2007)........................................................................ 5

*Greater New Orleans Broadcasting Assn. v United States*, 527 U.S. 173 (1999).... 8

*New York Times Co. v Sullivan*, 376 U.S. 254 (1964)................................... 5

*New York Times Co. v United States,* 403 U.S. 713 (1971)............................ 5

*R.A.V. v St. Paul*, 505 U.S. 377 (1992)................................................. 8

*Rangra v. Brown*
    __F.3d__, No. 06-51587 (5th Cir. Apr. 24, 2009) ................................ 3

*Reno v ACLU*, 521 U.S. 844 (1997)...................................................... 8

*Republican Party of Minnesota v White*, 536 U.S. 765 (2002)........................... 7

*Sable Communications of Cal., Inc. v FCC*, 492 U.S. 115 (1989)...................... 8

*United States v Grace, 461 U.S. 171 (1983)*............................................ 7

*United States v Playboy*, 529 U.S. 803 (2000)........................................ 8

*Ward v Rock Against Racism*, 491 U.S. 781 (1989)..................................... 7

*Wood v Georgia, 370 U.S. 375 (1962)* ...................................................................5

**State**

Tex. Gov't Code § 551.144 ...........................................................................*passim*

NO. 06-51587

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

AVINASH RANGRA and ANNA MONCLOVA,
Plaintiffs-Appellants,

VS.

FRANK BROWN and GREG ABBOTT,
Defendants-Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, PECOS DIVISION

---

APPELLANTS' RESPONSE TO
APPELLEES' PETITION FOR REHEARING EN BANC

---

TO THE HONORABLE COURT OF APPEALS FOR THE FIFTH
CIRCUIT:

The panel deciding the present case was correct in their determination that

the speech of an elected public official is constitutionally protected by the First

Amendment. Further, the panel was correct in determining that content-based

restrictions on elected public officials, such as *Tex. Gov't Code Ann. § 551.144,*

must be narrowly tailored to meet a compelling government interest in order to pass constitutional muster.[1]

Appellees are concerned, and rightfully so, that strict liability statutes, like the one at issue, cannot survive the exacting standards of strict scrutiny. The criminal provision at issue cannot stand a review under strict scrutiny, because through the operation of an overbroad and vague statute, combined with opinions from the Attorney General, a statute has been created which criminalizes the passive receipt of an e-mail.

In an attempt to play to the passions of this Court, Appellees seek to show that the panel's opinion will effectively abolish Open Meetings laws across the country on both the state and federal level. However, at no point in Appellees' petition do they show: (1) how *Tex. Gov't Code § 551.144* is a time, manner, and place restriction on fundamentally protected free speech; or (2) how Tex. Gov't Code § 551.144 is the most narrowly tailored statute possible to achieve the government purpose of "sunshine". Appellees merely assert that Sunshine Laws as they stand will crumble from the panel's decision.

Since Appellees are unable to show that *Tex. Gov't Code § 551.144* is not a content-based restriction on free speech, Appellees' petition for a rehearing *en*

---

[1] Tex. Gov't Code § 551.144 has been consistently abbreviated throughout this case as TOMA (Texas Open Meetings Act), but it should be noted that § 551.144 is the only provision Appellants are seeking a declaration of constitutional invalidity on, not the entire Open Meetings Act itself.

*banc* should be denied. Further, this Court should grant Appellant's petition for rehearing en banc so as to apply the strict scrutiny standard and declare TEX. GOV'T CODE ANN. § 551.144 unconstitutional as violative of the First Amendment.

## I.   THE PANEL CORRECTLY DECIDED THAT ELECTED PUBLIC OFFICIALS ENJOY THE SAME FREE SPEECH RIGHTS AS THOSE AFFORDED TO CITIZENS.

Appellees have abandoned their argument that elected public officials are public employees for the purpose of determining elected public officials' free speech rights. We agree with the panel's holding that "[t]he First Amendment's protection of elected official's speech is full, robust, and analogous to that afforded citizens in general." *Rangra v. Brown*, 06-51587, Slip Op at 1 (5th Cir. April 24, 2009). At no point do Appellees challenge this holding of the panel. Since elected officials enjoy First Amendment protection for their speech, *by definition "political speech"* [2], analogous to that afforded citizens in general, content-based restrictions such as *Tex. Gov't Code Ann. § 551.144* must be narrowly tailored to meet a compelling governmental interest in order to be found constitutional. The representative form of government across the country requires that the citizen-representative speak, not only on his or her own behalf, but for those who elected him or her to conduct public affairs on the constituents' behalf.

---

[2] Appellees have also not challenged the conclusion that the speech at issue is necessarily political.

Because Appellees have not met their burden of showing that TOMA is the least restrictive way to achieve open government, Appellees Petition for rehearing should be denied, Appellants Petition should be granted, and TOMA declared in violation of the First Amendment as a matter of law.

## II.  TEX. GOV'T CODE ANN. § 551.144 IS A CONTENT-BASED RESTRICTION ON THE POLITICAL SPEECH OF ELECTED OFFICIALS.

Appellees assert that **Tex. Gov't Code § 551.144** is a time, place and manner restriction on the speech of elected officials; however, they fail to show this Court how **Tex. Gov't Code § 551.144** qualifies as such a restriction. Time, place, and manner statutes are not First Amendment core political speech cases— they are intermediate scrutiny cases involving assembly, passing out brochures, etc. As shown below, time, place, manner cases only apply when the speech proscribed is *content neutral*. Appellees have wholly failed to show that the speech at issue in this case is content-neutral, and therefore Appellees' petition for rehearing en banc must fail.

The panel opinion correctly noted that TOMA is *content based*—it criminalizes speech dealing with public matters, and leaves alone speech dealing with the weather, how is your wife's health, or how the high school football team is doing.   Strict scrutiny cases deal with the core First Amendment freedom of political speech, when the statute seeks out speech based on its content. Political speech at the core of the First Amendment is rarely allowed to be restrained, *see*

*New York Times Co. v Sullivan*, 376 U.S. 254 (1964); *New York Times Co. v United States*, 403 U.S. 713 (1971) (Pentagon Papers). See also *Bond v Floyd*, 385 U.S. 116 (1966), *Wood v Georgia, 370 U.S. 375 (1962),* and the more recent campaign and political speech cases of Republican Party of Minn. v. White, 536 U.S. 765 (2002), and *Federal Election Comm'n v. Wis. Right to Life, Inc.,* 127 S.Ct. 2652 (2007), to see that the government carries a heavy burden to show that the statute at issue is the most narrowly tailored possible to achieve the compelling government interest.

Appellees believe that the public's right of open government, is the paramount issue herein. They are wrong. Open government is a statutory creation. The paramount issue is the right of individual public officials to do that for which they were elected—communicate with each other and the public, without fear of going to jail. In other words, the paramount issue is the First Amendment rights of public officials, and the fact that TOMA impermissibly infringes upon those rights.

The issue is framed incorrectly by Appellees. They state, in their petition for rehearing, that the panel decision may negatively impact various states' laws. However, we are dealing here with the First Amendment, which states "Congress shall make no law abridging the freedom of speech". Thus, the issue is the rights of *individuals* to freely express themselves. This is the paramount right. When a state law intrudes into this right, and is not the most narrowly tailored possible, it must

fall. The issue is not the right of the sovereign to pass laws. The issue is the fact that one of those laws has intruded upon protected rights reserved to the individual by the First Amendment.

In this case, the statute at issue criminalizes an elected official's speech solely based upon the content of that speech, and it is not content-neutral or a restriction on the time, place and manner of the speech. In other words, the only way one commits a crime in Texas under *Tex. Gov't Code § 551.144,* is if one engages in political speech.[3] TOMA forbids all such political speech by public officials if it is ever spoken about except at a meeting. Thus, TOMA violates the First Amendment rights of public officials.

The tug of war between content based restrictions *[strict scrutiny],* and time, place, and manner restrictions *[intermediate scrutiny]* was explained in *Burson v Freeman,* 504 U.S. 191 (1991), dealing with a Tennessee statute prohibiting soliciting votes within 100 feet of the entrance to a polling place. *Burson,* at 197:

> This court has held that the government may regulate the time, place, and manner of the expressive activity, so long as such restrictions are ***content neutral,*** (emphasis added) are narrowly tailored to serve a significant government interest, and leave open ample alternatives for communication.

---

[3] If a Texas public official talks to a fellow city council-member about the weather, or high school football, there is no violation. If the same council-member asks about the police department, or even sends an e-mail about setting up a special open meeting, as was the case here, as a member of a quorum, he or she has committed a crime for engaging in political speech, even though he has decided nothing. This is core First Amendment political speech.

6

United States v Grace,    461 U.S. 171 (1983). See also *Ward v Rock Against Racism*, 491 U.S. 781  (1989).

The test to be used is whether the statute is a facially **content-neutral**, time, place, or manner restriction. ***Burson*** decided that "whether individuals may exercise their free speech rights near polling places depends entirely on whether their speech is related to a political campaign," 504 U.S. at 197, and decided the case on strict scrutiny standards, ruling that the statute is a "facially content based restriction in a public forum". TOMA, like the statute in *Burson,* is a "facially **content based** restriction in a public forum", and unlike in *Burson,* TOMA must fall, because it is the broadest open meetings law in the country, not the narrowest.

By neglecting to address the issue of a public official's free speech rights, the Appellees ignore the foundation of the panel's decision that an elected public official is not a public employee. The panel correctly reached the conclusion that § 551.144 is a content-based restriction, based upon the position that an elected official holds in the representative form of government. An elected official is not an employee in the traditional sense of the word; rather, the elected official never ceases to be an elected official while he or she is in office. The official cannot declare that he or she is not an official when he or she is at home, at a restaurant, or on the street corner. The official is always a representative of the citizens who elected him or her, and when he or she speaks, it is as an official as well as a citizen.

Speech uttered by an elected official is speech which advocates for the position of the electorate. Consequentially, the speech is necessarily "political." Therefore, it is only right that cases, such as *Republican Party of Minn. v. White,* 536 U.S. 765 (2002), are relied upon to settle whether the statute unconstitutionally impedes the free speech of a citizen-representative.

*United States v Playboy,* 529 U.S. 803 (2000) fully parsed the issue of content based regulations, in that case dealing with the telecommunications act regulating adult movie channels. They noted that because the Act was a content based speech restriction, it could stand only if it satisfied strict scrutiny. See *Sable Communications of Cal., Inc. v FCC,* 492 U.S. 115 (1989), noting that if a less restrictive alternative would serve the Government's purpose, the legislature must use that alternative. *Reno v ACLU,* 521 U.S. 844 (1997). When the government restricts speech, the Government bears the burden of proving the constitutionality of its actions. *Greater New Orleans Broadcasting Assn. v United States,* 527 U.S. 173 (1999). Content based regulations are presumptively invalid, and the government bears the burden to rebut that presumption. *R.A.V. v St. Paul,* 505 U.S. 377 (1992).

"It is through speech that our convictions and beliefs are influenced, expressed, and tested. It is through speech that we bring those beliefs to bear on Government and on society. It is through speech that our personalities are formed

and expressed. The citizen is entitled to seek out or reject certain ideas or influences without government interference or control." *Playboy* at 803. TOMA prohibits all political speech of Texas' public officials, from the moment they are sworn in, preventing them from communicating with each other or the very voters who elected them, except at once or twice monthly meetings. It is content based, and violates the First Amendment.

Appellees' have not shown how *Tex. Gov't Code § 551.144* is a time, place and manner restriction, because TOMA is content based, not content neutral, meaning time, place, manner has no place in this scheme. Appellees cite this Court to no Supreme Court case which would be considered precedent in this matter. Therefore, Appellees' argument that the panel failed to follow such precedent fails, and Appellees' petition for rehearing en banc must be denied.

## III.   THE DECISIONS OF OTHER STATE'S SUPREME COURTS ARE INAPPLICABLE TO THE CURRENT CASE.

Appellees second ground for *en banc* review is that the panel's decision conflicts with the decisions of other states' supreme courts. This ground has little-to-no applicability to the current case, as no other state has a strict liability criminal provision such as *Tex. Gov't Code Ann. § 551.144*. In Appellees' petition, and accompanying brief, they fail to analogize any other state or federal regulation that resembles *Tex. Gov't Code Ann. § 551.144*. This is because neither any state nor

the federal government has enacted such a strict liability statute that criminalizes the speech such as the issue in this case.[4]

As other states' Open Meetings laws are not similar to the scope and breadth of § 551.144, those states' high court decisions are irrelevant to the current action. How states have interpreted their own laws is inapplicable to the current case as Appellants are not challenging the constitutionality of those states' laws. (The other laws do show, however, that Texas has the most restrictive open meetings law in the country, making a *prima facie* case that TOMA is not narrowly tailored to achieve "sunshine"). Therefore, it would be error to grant en banc review to Appellees on this basis.

## IV. APPELLEES' FEAR OF THE NATIONWIDE FAILURE OF OPEN MEETINGS LAW IS MISPLACED.

Through the argument put forth by Appellees, it is clear that they recognize that the statute at issue will not survive strict scrutiny. Therefore, Appellees attempt to play to the passions of this Court by attempting to show that Open Meetings laws will be destroyed should they be put to the strict scrutiny test. Appellants, however, would urge this Court not to be induced by grand hypotheticals and conjecture; rather, Appellants merely ask that the overbroad and vague statute of § 551.144, be required to be narrowly tailored to meet the

---

[4] Appellants are unable to find any statute which could be construed to criminalize the passive receipt of an e-mail as was the case in this matter.

compelling governmental interest of open government. In other words, as it is now recognized that elected officials enjoy the same free speech rights as citizens, the law should be crafted to place the most minimal restrictions on such rights.

Appellants are not seeking to declare the Texas Open Meetings Act unconstitutional in its entirety; rather, Appellants seek to have one provision, § 551.144, put to the test of strict scrutiny, and examined for its constitutionality. The provision is a strict liability criminal statute that has a reach so far as to criminalize the passive receipt of an e-mail. A statute such as this cannot be said to be narrowly tailored, as it criminalizes actions that a person has no control over, and grants a prosecutor overly-broad discretion to: (1) subjectively determine whether a meeting has taken place; and (2) whether to prosecute an individual without having to meet the burden of proving the any criminal intent on the part of the alleged perpetrator.

Because the conjecture about the effect the panel decision has on other open meetings laws has no place in this matter, Appellees request for rehearing *en banc* should be denied.

## CONCLUSION AND PRAYER FOR RELIEF

We agree that open government demands that decisions be made in the open, and that the public has full opportunity to know what is decided, and the reasons behind it. However, citizens also elect persons to speak for them, in a republican

11

form of government. In Texas, at the moment that official is sworn in, TOMA renders her or him mute, and he or she is unable to speak to anyone about public matters, except at a meeting. This violates the First Amendment rights of all the elected officials. Due to its overbreadth and vagueness, TOMA, through the various interpretations by the Texas Attorney General and the discretion of the various District attorneys, muddies the water as to what speech qualifies as a criminal act, and what does not. Chief Justice Roberts put it very eloquently that the benefit of doubt must go to speech, and not the speaker, for, as he stated in *Wisconsin Right to Life*, "[t]he First Amendment's command that 'Congress shall make no laws . . . abridging the freedom of speech' demands at least that." *Wisc. Right to Life*, 127 S.Ct. at 2674.

This Court should look to an upcoming opinion by the United States Supreme Court in *Citizens United v F.E.C.*, No. 08-205, argued before the United States Supreme Court on March 24, 2009 (pending decision). The issue was the McCain- Feingold campaign finance reform act, and whether recent decisions regarding it may fall. It is a political speech, strict scrutiny case. At oral argument, Justice Antonin Scalia expressed dismay that upholding the law would amount to a precedent that would allow book banning (controlling political speech—the issue was an anti- Hillary Clinton video). Justice Scalia asked the government's lawyer, Malcolm Stewart, who was vainly trying to argue for the law: "We are dealing

with a constitutional provision, are we not the one that I remember which said Congress shall make no law abridging the freedom of the press?" Justice Scalia was referring, of course, as are appellants, to the First Amendment to the United States Constitution.

TOMA, as it stands today, is an impermissible content-based regulation of protected free speech. The law is overbroad and unconstitutionally vague. These issues have been fully litigated in this matter and the time is now to issue a declaration that TEX. GOV'T CODE § 551.144 is unconstitutional for abridging the political speech of advocacy of elected public officials. Remand to the District Court is unnecessary, because *"it is what it is"*, TOMA criminalizes what it does, and the record below is ample to allow this Court to rule, as a matter of law, that TOMA fails to pass strict scrutiny.

In Texas, TOMA must be declared unconstitutional, because the First Amendment's command, that "congress shall make no laws... abridging the freedom of speech", demands at least that. Justice Scalia "got it". Therefore, Appellants respectfully pray that this Court deny *En Banc* review to Appellees, that this Court grant *En Banc* review solely to Appellants, reverse the trial court's judgment, and render declaratory judgment and injunctive relief as a matter of law for Appellants by declaring the criminal provisions of Tex. GOV'T CODE § 551.144 unconstitutional.

Respectfully submitted,

DICK DeGUERIN
Texas Bar No. 05638000
DeGUERIN & DICKSON
1018 Preston Avenue, Seventh Floor
Houston, Texas 77002
Telephone: 713-223-5959
Facsimile: 713-223-9231


ARVEL RODOLPHUS PONTON III
Texas Bar No. 16115170
2301 North Highway 118
P.O. Box 9760
Alpine, Texas 79831
Telephone: 432-837-0990
Facsimile: 432-837-0971
ATTORNEYS FOR PLAINTIFFS/
APPELLANTS, AVINASH RANGRA
AND ANNA MONCLOVA

## CERTIFICATE OF SERVICE

I hereby certify that on the 22d day of May, 2009, via Fed Ex, the original and nineteen true copies of the foregoing Appellants' Response to Appellees' Petition for Rehearing En banc and an electronic disk containing the Petition have been filed with the Clerk for the United States Court of Appeals for the Fifth Circuit.

> Charles R. Fulbruge III
> Clerk of the Court
> United States Court of Appeals for the Fifth Circuit
> 600 S. Maestri Place
> New Orleans, Louisiana 70130

I hereby certify that on the 22d day of May, 2009, via United States first class mail, postage prepaid, two true and correct copies of the Appellants' Response to Appellees' Petition for Rehearing En banc and an electronic disk containing the Petition have been served on the following counsel:

> J. Steven Houston
> P.O. Box 396
> Marathon, Texas 79842
>
> James Ho
> Sean Jordan
> James Todd
> Jeff Rose
> Office of the Attorney General
> State of Texas
> P.O. Box 12548
> Capitol Station
> Austin, Texas 78711

_(signature)_

DICK DeGUERIN
ROD PONTON

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the limitation of Fed. R. App. P. 35 and 40 because this brief contains 15 pages or less, excluding the parts of the brief excepted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, font size 14, and size 12 for footnotes.

5-22-09
Date

_(signature)_

DICK DeGUERIN
ROD PONTON